**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

VICTOR LOPEZ								PLAINTIFF
ADC #132942

V.					NO: 5:09CV00360 JLH/HDY

PHILLIP McDANIEL *et al.*						DEFENDANTS

## ORDER

Plaintiff filed this complaint on November 13, 2010, alleging that Defendants failed to prevent another inmate from assaulting him. Plaintiff filed motions to compel on April 26, 2010, and May 10, 2010 (docket entries #56 & #58). On June 1, 2010, the Court directed Defendants to respond (docket entry #59). On June 15, 2010, Plaintiff filed a motion to vacate that order, seeking instead an order granting his motions to compel.

Plaintiff's motion to vacate is without merit, and will be denied. Plaintiff's first motion to compel appears to assert that Defendants failed to respond to his discovery requests at all. However, Defendants' response indicates that they responded on the day Plaintiff's initial motion was filed. Accordingly, Plaintiff's first motion to compel will be denied, and the Court will consider Plaintiff's second motion to compel, which appears to address the discovery requests remaining in dispute.

In his most recent motion, Plaintiff appears to challenge the sufficiency of Defendants' responses to his requests for admission numbered 1, 5, 8, 10, 13, 15, 16, & 18, and interrogatories numbered 5, 6, 7, 9, and 13. Plaintiff also appears to contend that he did not receive all the documents requested in his request for production number 3.

Plaintiff's complaints regarding Defendants' responses for his requests for admission are

generally that they answered falsely, or that their responses were an effort to avoid the question. In support of his contention, Plaintiff cites various other discovery responses that he contends are in conflict with the responses to the requests. The time to introduce evidence challenging the credibility of a statement from a Defendant is at the evidentiary hearing. Accordingly, Plaintiff is not entitled to any relief regarding Defendants' responses to his requests for admission.

With respect to Plaintiff's interrogatories, Defendants properly objected to interrogatory 5 as calling for speculation and legal conclusions. Plaintiff's complaint with Defendants' response to interrogatories numbered 6, 9, and 13, appears to be that the responses are in conflict with other responses. As with the requests for admissions, Plaintiff may challenge a Defendant's credibility at the evidentiary hearing. Interrogatory number 7 questions whether a video camera recorded the incident at issue in this case, to which Defendants answered in the affirmative. Although Plaintiff contends that it is in conflict with other responses, he also references his request to view the video in request for production number 5. If video relevant to the events at issue in this case exists, Defendants are directed to preserve it, and to bring the video to the scheduled evidentiary hearing. Likewise, Plaintiff's requests for production numbers 3 and 5 request copies of statements, and reports, and Defendants' responses indicates that they provided them. If Defendants have not produced a 005 report from officer Tolbert in its entirety, as Plaintiff alleges, they are directed to provide it, or to respond with an appropriate objection.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion to compel (docket entry #56), and motion to vacate (docket entry #65) are DENIED.

2. Plaintiff's motion to compel (docket entry #58) is DENIED in all respects, except that

Defendants are directed to preserve any existing video relevant to this issues in this case, and to bring such video to the scheduled evidentiary hearing; and Defendants are further directed to provide Tolbert's full 005 report, or to respond with an appropriate objection.

    DATED this __14__ day of July, 2010.

                                                  _____
                                                  UNITED STATES MAGISTRATE JUDGE